ROBERT W. SMITH and wife *vs.* JOHN DOLBY and SARAH
DOLBY.

The execution of a will by the testator's *mark*, is a sufficient *signing* within our statute
of wills.

In a case of undoubted capacity, it need not be proved that the will was read to, or by,
the testator.

The formal execution of a will is a publication.

A will can be revoked only by substitution, or by cancelling; except in cases of implied
revocation.

This was an issue of devisavit vel non, sent by the register of
wills, to try whether the paper annexed was the will of Isaac Dol-
by, deceased.   It was dated the 17th of February, 1844; and there
was a codicil dated the 15th of March, 1844.

*Mr. Cullen* produced the will, and proceeded to prove the *factum.*
The attesting witnesses proved that after the testator signed the will,
by making his mark, he said he should like to hear it read, but he
was not able sit up.   He said that Mr. Ellegood (the draftsman) had
written a will for him once before, and it was not as he wanted it;
but, he added, " may be this is."   Isaac Dolby had ten children.
The codicil was read.   The will was brought to Dolby by Ellegood.
His name was already written to it with a space for the mark.   He
made his *mark* and said it was his will.

*Mr. Layton,* in opposition to the will, said that to make a valid
will the testator must be *of age ;* of *sound* and *disposing mind* and
memory.   The will must be *in writing, signed* by the testator, or by
some person subscribing the testator's name *in his presence,* and by
his express direction, and attested and subscribed, in his presence, by
two or more credible witnesses.   He contended that the signing by
a mark was not sufficient under the statute; nor was it sufficient
that the testator's name was written by another, though at the tes-
tator's request, if not in his presence.   He opposed this will on three
grounds:—1. There was no sufficient signing by the testator.   2.
The testator did not hear the will read, and there was no evidence
that he knew its contents.   3. There was no proof of the publica-
tion.   (1 *Robts. on Wills* 93 ; 1 *Phil. Ev.* 379 ; 3 *Stark. Ev.* 1684, *n.;*
1 *Phil. Ev.* 379, [425,] 380 ; 2 *Ves. Rep.* 459.)

He agreed that in deeds a signing by mark is sufficient; but con-
tended, that the statute of wills requires something more, namely,
the identity of handwriting.   (1 *Vesey, jr.* 11, *Ellis* vs. *Smith;* 2 *Ve-*

*sey, sen'rs. Rep.* 459; 1 *Wils. Rep.* 313; 17 *Vesey* 358; 18 *Ves. Rep.* 175; 8 *Vesey, jr.* 185.)

*Saulsbury* and *Cullen,* contra.—1. As to the signing by mark.

*The Court.*—It cannot be necessary to hear further argument on this point. It has been long considered settled. The construction of the statute of Car. has always been such. (3 *Lev.* 1; *Freem. Rep. S. C.*) The statute of frauds requires a *signing* as well as the statute of wills, and deeds as well as wills might be impaired by a contrary decision. It would also be no little inconvenience to exclude all persons unable to write their names, from the capacity to make a will by signing their mark. But the point has been ruled by this court. In the case of *Rash* vs. *Purnell,* 2 *Harr. Rep.* 448, the Superior Court authorized a verdict in favor of a will signed by the testator's *mark;* and that in an issue of devisavit vel non. We re-affirm that decision; and hold that the signing of a will by the testator making his *mark,* is a good signing.

2. It was not necessary to read the will over; there is sufficient evidence that the testator knew its contents; and he will be taken to have known them unless the contrary appear. (3 *Stark. Ev.* 1684.) There is no case, except perhaps, where children are entirely disinherited, where any proof of reading the will is necessary. And even this is only in cases of doubtful capacity in the testator. (2 *Ecc. Rep.* 361; 2 *Adams* 441.)

3. The execution of the codicil was a republication of the will. It contains a ratification of the will. The loose declarations of the testator as to any slight dissatisfaction with the will is no revocation. The will cannot be revoked unless by cancelling, or by a subsequent valid will. (*Dig.* 556, 315.)

*Mr. Layton* replied.

Verdict for the will.

*Layton,* for plaintiffs.
*Saulsbury* and *Cullen,* for defendants.

The register afterwards decreed, disallowing all the costs; from which an appeal was taken; and this court, at the October term, 1847, modified the decree so far as to charge the estate with the costs of the probate before the register, and of the trial on the issue on the point of execution; disallowing all the other costs.